THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Kareem Thomas

| | |
|---|---|
| **KAREEM THOMAS**, | UNITED STATES DISTRICT COURT TRENTON |
| Plaintiff | |
| vs. | Civil Action No.:   -    ( - ) |
| **BRICK TOWNSHIP;** **DETECTIVE RYAN TALTY, PATROLMAN JOSEPH RICCIO, DETECTIVE SERGEANT CASEY LONG** and **DETECTIVE GENO MESSER** (members of the Ocean County Narcotics Strike Force), and **JOHN DOES 1-5** (fictitious individuals), members of the Brick Township Police Department and/or the Ocean County Narcotics Strike Force; **JAMES RICCIO,** Chief of Police; **JOHN DOES 6-10** (fictitious individuals), Personnel of the Brick Township Police Department in supervisory capacities; | **COMPLAINT** |
| Defendants. | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has

1

supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Kareem Thomas, residing at 28 Water Street, Unit C, Englishtown, NJ, 07726, is and was at all times herein relevant, a resident of the State of New Jersey.

3. Defendants Ryan Talty; Joseph Riccio; Chief of Police James Riccio; Casey Long; Geno Messer, and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Brick Township Police Department and/or the Ocean County Narcotics Strike Force and at all times herein were acting in such capacities as the agents, servants and/or employees of Brick Township and/or the Ocean County Narcotics Strike Force and were acting under the color of law.

4. Defendants Chief of Police James Riccio and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Brick Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Brick Township and were acting under the color of law.

5. Defendants Chief of Police James Riccio and/or John Does 6-10 were acting in supervisory capacities over Defendants Ryan Talty; Joseph Riccio; James Riccio; Casey Long; Geno Messer, and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Ryan Talty; Chief of Police James Riccio; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5.

6. Defendant Brick Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendants Brick Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Chief of Police James Riccio; Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-10.

8. All Defendants are named in their individual and official capacities.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On 7/15/20, Plaintiff Kareem Thomas was at home when he heard that his girlfriend's sister was being arrested on Lanes Mill Road, Brick Township. Plaintiff went to the location of the arrest and began recording the motor vehicle stop on his cell phone. Plaintiff was across the street from the motor vehicle stop and in no way interfering with the actions of the police.

2. Seeing Plaintiff recording them, Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 proceeded to use excessive and unreasonable force on Plaintiff's person. Specifically, Defendants Talty; Riccio; Long, Messer and/or John Does 1-5 grabbed Plaintiff and tackled him onto the ground, injuring him.

3. Defendants charged Plaintiff with Obstructing the Administration of Law; Resisting Arrest; Disorderly Conduct, and Possession of Drug Paraphernalia. The charges against Plaintiff are pending.

### COUNT ONE
### SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 acting under color of state law used excessive and unreasonable force on

3

Plaintiff's persons by depriving Plaintiff of his right to be secure in his person and effects against unreasonable seizure, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the Defendants' excessive and unreasonable use of force set forth above, Plaintiff sustained physical and emotional injuries and will incur additional special damages in the future in an amount which cannot yet be determined.

4. By reason of the above, Plaintiff was injured and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 FAILURE TO INTERVENE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 were Brick Township Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 had a duty to intervene in the unjustified use of force on Plaintiff and unreasonable seizure by Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5.

4. The unjustified use of force on Plaintiff and unreasonable seizure by Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 deprived Plaintiff of his

right to be secure in his person and effects against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified seizure and use of force on Plaintiff by Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 and failed to intervene.

6. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff sustained physical and emotional injuries and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 FIRST AMENDMENT RETALIATION

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 committed under color of state law and/or in their individual capacities constituted a retaliation in violation of the First Amendment of the United States Constitution.

3. Specifically, Plaintiff's right to record the police-citizen encounter was constitutionally protected conduct under the First Amendment.

4. Defendants interfered with Plaintiff's constitutionally protected conduct by using excessive and unreasonable physical force on his person and arresting him.

5. By reason of the above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; lost wages and pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR
## SECTION 1983 FALSE ARREST / IMPRISONMENT

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Talty; Riccio; Long; Messer, and/or John Does 1- 5 in arresting and/or imprisoning Plaintiff was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. The aforementioned acts were in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, protected by 42 U.S.C. Section 1983.

4. As a direct and proximate cause of Defendants' conduct set forth above, Plaintiff suffered bodily and emotional injuries; incurred expenses to defend the false criminal charges brought against him; medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Ryan Talty; Joseph Riccio; James Riccio; Casey Long; Geno Messer, and/or John Does 1-5 on this count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT FIVE
## SECTION 1983 MALICIOUS PROSECUTION

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Talty; Riccio; Long; Messer, and/or John Does 1-5 initiated criminal process against Plaintiff with malice to create a subterfuge protecting themselves from criminal and civil liability and justifying the injuries they caused Plaintiff to suffer.

3. The charges were not based upon probable cause, that is, Defendants knew initiation of criminal proceedings against Plaintiff would serve an unlawful purpose, including, but not limited to, limiting their exposure to liability for their unlawful actions on 7/15/20 in using excessive force on Plaintiff's person and falsely arresting him.

4. As a direct and proximate cause of the actions initiated by Defendants Talty; Riccio; Long; Messer, and/or John Does 1-5, Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

5. Plaintiff suffered physical injury; incurred expenses to defend the false criminal charges brought against him; medical expenses, and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Ryan Talty; Joseph Riccio; James Riccio; Casey Long; Geno Messer, and/or John Does 1-5 on this

count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT SIX
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants James Riccio and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 used excessive and unreasonable force on Plaintiff and deprived him of his right to be secure in his person and effects against unreasonable seizure.

3. Defendants James Riccio and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants James Riccio and/or John Does 6-10 either directed Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5. As a direct and proximate result of the acts of Defendants James Riccio and/or John Does 6-10 as set forth herein, Plaintiff sustained physical and emotional injuries and will incur additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants James Riccio and/or John Does 6-10 on this Count together with compensatory and punitive

damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN
## SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Brick Township, Brick Township Chief of Police James Riccio and/or John Does 6-10, are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Brick Township Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants James Riccio and/or John Does 6-10 are responsible for training Defendant Brick Township's police officers in the use of force and/or were officers in charge when Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 used excessive and unreasonable force on Plaintiff.

3. At all times mentioned herein, Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5, as police officers, agents, servants and/or employees of Defendant Brick Township, were acting under the direction and control of Defendants Brick Township Police Department, James Riccio and/or John Does 6-10 and were acting pursuant to the official policy, practice or custom of the Brick Township Police Department.

4. Acting under color of law pursuant to official policy, practice, or custom, Defendants Brick Township, James Riccio and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing

9

basis, Defendants James Riccio and/or John Does 6-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants Brick Township, James Riccio and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Brick Township, James Riccio and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

6. Defendants Brick Township, James Riccio and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Brick Township Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Defendants Brick Township, James Riccio and/or John Does 6-10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against, Defendants Talty; Riccio; Riccio; Long; Messer; John Does 1-5, and/or other Brick Township Police Officers whereby they customarily and frequently subjected citizens held in

custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests; mishandled and/or withheld evidence, and/or used unreasonable and excessive force on citizens/arrestees.

8. Despite their awareness, Defendants Brick Township, James Riccio and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, John Does 1-5 and/or other Brick Township Police Officers.

9. Defendants Brick Township, James Riccio and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Talty; Riccio; Long; Messer, and/or John Does 1-5 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

10. Defendants Brick Township, James Riccio and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

11. Defendants Brick Township, James Riccio and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Talty; Riccio; Long; Messer, and/or John Does 1-5 heretofore described.

12. As a direct and proximate result of the acts of Defendants Brick Township, James Riccio and/or John Does 6-10 as set forth herein, Plaintiff sustained physical and emotional injuries

and will incur additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Brick Township, James Riccio and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT EIGHT
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The actions of Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer and/or John Does 1-5, set forth at length above, deprived Plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3. As a direct and proximate result of the aforesaid acts of Defendants Talty; Riccio; Long; Messer and/or John Does 1-5, Plaintiff sustained physical and emotional injuries, was deprived of his constitutional rights as described above and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer and/or John Does 1-5 on this Count

together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT NINE
## INFLICTION OF EMOTIONAL DISTRESS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 were acting within the scope of their employment with Defendant Brick Township as police officers.

3. Defendants' intentional, reckless and/or negligent actions caused Plaintiff severe emotional distress, resulting in medical expenses and special damages in the future which cannot yet be determined.

**WHEREFORE**, Plaintiff Kareem Thomas demands judgment against Defendants Ryan Talty; Joseph Riccio; Casey Long; Geno Messer, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: July 6, 2022                                */s/ Thomas J. Mallon, Esquire*
                                                                 **THOMAS J. MALLON, ESQUIRE**